**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**                    **WESTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 HEALTH AND WELFARE FUND, by Kara Richotte, as Fund Administrator; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 PENSION FUND, by Kara Richotte, as Fund Administrator; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 ANNUITY FUND, by Kara Richotte, as Fund Administrator; LOCAL 98 ENGINEERS JOINT TRAINING, RETRAINING, SKILL IMPROVEMENT, SAFETY EDUCATION, APPRENTICESHIP AND TRAINING FUND, by Kara Richotte, as Fund Administrator; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 AND EMPLOYERS COOPERATIVE TRUST, by its Board of Trustees; CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its Board of Trustees; and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98, AFL-CIO, by David Kazimierczak, as Business Manager, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **COMPLAINT**<br><br>**Civil Action No.**<br>**_____** |
| Plaintiffs, ) | |
| – against – ) ) | |
| CAPITAL ROCK DRILLING AND BLASTING LLC; and LOUIS F. RUMORE, Individually, and as Member of Capital Rock Drilling and Blasting LLC, ) ) ) ) | |
| Defendants. ) | |

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendants, respectfully allege as follows:

## I.    JURISDICTION AND VENUE

1.    This is an action arising under the Employee Retirement Income Security Act of 1974 ["ERISA"] [29 U.S.C. §§ 1001 *et seq*.]. It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief to redress violations of ERISA Sections 404, 406, 409, and 515 [29 U.S.C. §§ 1104, 1106, 1109, and 1145]. It is also an action under Section 502(a)(2)

for breach of fiduciary duty against an employer for failing to timely remit contributions and otherwise abide by the documents establishing and maintaining an ERISA-covered plan. [29 U.S.C. §1132(a)(2)].

2.  This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended ["LMRA"]. [29 U.S.C. §185(a)].  It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §§ 141 *et seq*.].

3.  Jurisdiction is conferred on this Court by ERISA Section 502(e) [29 U.S.C. §1132(e)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA Section 502(f) [29 U.S.C. §1132(f)].  Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to federal law [28 U.S.C. §1337].

4.  Venue is established in this Court pursuant to ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)].  It is an action brought in the district where the breach took place.

5.  This is also an action arising under 28 U.S.C. §1367.  It is an action where all non-federal claims raised in the Complaint are so related to the federal claims as to form part of the same case or controversy within the meaning of Article III of the United States Constitution such that this Court may exercise supplemental jurisdiction over those non-federal claims.

## II.    DESCRIPTION OF THE PARTIES

6.  Plaintiff Kara Richotte is the Fund Administrator of International Union of Operating Engineers Local 98 Health and Welfare Fund ["Welfare Fund"], International Union of

4924-7084-3523, v. 9

Operating Engineers Local 98 Pension Fund ["Pension Fund"], the International Union of Operating Engineers Local 98 Annuity Fund ["Annuity Fund"], and Local 98 Engineers Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund ["Training Fund"] [collectively, the Welfare Fund, Pension Fund, Annuity Fund, and the Training Fund are referred to as "IUOE 98 Funds"].  She has been directed and designated by the Board of Trustees, fiduciaries of the Welfare Fund as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)1], to commence this action. The IUOE 98 Funds have an office and principal place of business at 40 Hudson Drive, Southwick, MA 01077 and are collection agent for the National Training Fund ["NTF"].

7.      Plaintiff Board of Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ["CPF"] maintains an office and principal place of business at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.  The Board of Trustees of the CPF are fiduciaries of the CPF, as defined in Section 3(14)(A) of ERISA [29 U.S.C. §1002(21)(A)].

8.      The IUOE 98 Funds, NTF, and CPF [collectively, "Funds"] are established pursuant to a collective bargaining agreement, are multi-employer plans as defined in Section 3(37) of ERISA [29 U.S.C. §1002(37)], and are employee benefit plans, as described in Section 3(3) of ERISA [29 U.S.C. §1002(3)].

9.      Plaintiff David Kazimierczak is the Business Manager of the International Union of Operating Engineers Local 98, AFL-CIO ["Local 98" or "Union"].  Local 98 is an unincorporated association and has an office and principal place of business at 40 Hudson Drive, Southwick, MA

3

01077. Local 98 is a labor organization in an industry affecting commerce within the meaning of the LMRA [29 U.S.C. §§ 141, *et seq.*].

10.     Upon information and belief, Defendant Capital Rock Drilling and Blasting LLC ["Defendant Corporation"] is a corporation incorporated under the laws of the State of New Hampshire, with a principal place of business and offices located at 306 River Road, New Boston, NH 03070. At all times relevant herein, Defendant Corporation was authorized to, and did conduct, business in Massachusetts.

11.     Upon information and belief, Defendant Louis F. Rumore ["Defendant Rumore"], is a member and shareholder of Defendant Corporation.  Upon information and belief, Defendant Rumore resides at 186 Bedford Road, New Boston, NH  03070.

12.     Defendant Corporation is an employer in an industry affecting commerce, as defined in ERISA Sections 3(5), (11) and (12) [29 U.S.C. §1002(5), (11) and (12)].  Defendant Corporation is also an employer of employees covered by an employee benefit plan and multiemployer plan maintained pursuant to collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. §1002(3) and (37)], and is obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. §1145].

13.     Defendants are parties in interest with respect to the Funds as defined in ERISA Section 3(14)(H) [29 U.S.C. §1002(14)(H)] and act directly as employers and/or indirectly in the interests of the employers in relation to the Funds, all as defined in ERISA Section 3(5) [29 U.S.C. §1002(5)].

4

14.    To the extent that Defendants exercised authority or control with respect to the management or disposition of assets of Plaintiff Funds', they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III.    FIRST CAUSE OF ACTION

15.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "14" inclusive of this Complaint as if set forth fully at this point.

16.    Section 515 of ERISA [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17.    Pursuant to Section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)], the Plaintiffs are bringing this action to (A) enjoin any practice which violates any provision of ERISA or terms of the plan, or (B) obtain other appropriate relief to address the (i) violations or (ii) enforce any provisions of ERISA, such as the failure to make contributions to the Funds in accordance with the terms and conditions of collectively bargained agreement under Section 515 of ERISA [29 U.S.C. §1145].

18.    At all times relevant herein, Defendant Corporation was bound to collective bargaining agreements with Local 98 for work performed at the John S. Lane quarries. Defendant Corporation executed a collective bargaining agreement on May 21, 2019, covering the period of April 1, 2018 through March 31, 2021 ("2018 CBA"), and executed a second collective bargaining agreement on March 22, 2021, covering the period of April 1, 2021 through March 31, 2024 ("2021 CBA") (collectively, the 2018 CBA and 2021 CBA are referred to

herein as "CBAs"). The CBAs apply to all production and maintenance employees performing work at the "John S. Lane quarries" and continue from year after year unless, on or before January 1st of any year, notice of discontinuance is given in writing by either party.

19. The CBAs obligate Defendant Corporation to remit contributions to the Funds for each payroll hour for each employee covered by the CBAs.

20. Pursuant to the CBAs, Defendant Corporation is liable for attorneys' fees and costs of the audit, and any monies found due and owing in the audit is collectible by the Funds. The terms and conditions, rules and regulations of the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement and Declaration of Trust of the Local 98 Engineers Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund, the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, the Agreement and Declaration of Trust of the International Union of Operating Engineers National Training Fund [collectively, "Trusts"], and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy and the International Union of Operating Engineers National Training Fund Delinquency Control Procedures ["Collections Policy"] govern the Funds' collection and audit process and procedures.

6

21.     The CBAs obligate Defendant Corporation to deduct from certain employees' wages stipulated sums for each hour worked and pay said amounts to Local 98, representing administrative dues.

22.      The Trusts of the IUOE 98 Funds provide that "title to all monies paid into and/or due and owing to the Fund shall be vested in and remain exclusively in the Trustees of the Fund; outstanding and withheld contributions constitute Plan assets".

23.     The Trusts of the IUOE 98 Funds provide provides that "all monies received by an Employer from any source for work performed by Employees represented by the Union will be held in trust by the Employer.  The Employer will disburse the monies only for the purpose of paying wages owed to the Employees represented by the Union and fringe benefit contributions owed to the Fund on behalf of the Employees' labor".

24.     The 2018 CBA obligates Defendant Corporation to file and remit contributions and deductions to Plaintiffs for each hour its employees worked or were paid and to remit those monies by the tenth (10th) day of the month following the month during which the hours, for which contributions were required, were worked by or paid to employees for the period of April 1, 2018 through March 31, 2021.

25.     The 2021 CBA, Trusts, and Collections Policy obligate Defendant Corporation to file its remittance reports and remit contributions and deductions to Plaintiffs for each hour its employees worked or were paid and to remit those monies by the tenth (10th) day of the month following the month during which the hours, for which contributions were required, were worked by or paid to employees for the period of on the twentieth (20th) day of the

7

month following the month during which the hours, for which contributions are required, were worked by or paid to employees for the period of April 1, 2021 through present.

26.    The Trusts and Collections Policy obligate Defendant Corporation to permit the Funds, on demand, to check, examine and audit their books and records, including their payroll records, relating to hours worked by Defendant Corporation's employees and Defendants' subcontractors, including union, non-union, bargaining unit and non-bargaining unit employees.

27.    Defendant Corporation is contractually liable under the CBAs, Trusts, and Collections Policy to pay the costs and expense of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Funds in obtaining an audit.

28.    Defendant Corporation is contractually liable under the Trusts and Collections Policy to timely report on a monthly basis the number of hours worked by all of their employees performing bargaining unit work.

29.    Defendant Corporation is statutorily obligated to maintain accurate and complete books and records for the number of hours of bargaining work (i.e., operating engineers' work), performed by all of their employees and subcontractors.

30.    Defendant Corporation has not timely filed its reports and has not timely remitted the contributions and deductions owed to the Funds as required by the CBAs, Trusts, and Collections Policy.

31.    Under the CBAs, Trusts, Collections Policy, and ERISA Sections 502(g)(2) and 515 [29 U.S.C. §§ 1132(g)(2) and 1145], if Defendant Corporation fails to timely remit the required contributions and deductions, it is liable for the amount of contributions and deductions due,

8

plus the following: (1) interest on the unpaid and untimely paid IUOE 98 Funds contributions, calculated at the rate of one and one-half percent (1-1/2%) per month; (2) the greater of interest on the unpaid and untimely paid IUOE 98 Funds contributions, or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (3) interest on the unpaid and untimely paid CPF contributions, calculated at the rate of nine percent (9%) of those delinquent contributions; (4) the greater of interest on the unpaid and untimely paid CPF contributions, or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (5) interest on the unpaid and untimely paid NTF contributions, calculated at the rate of one and one-half percent (1-1/2%) per month; (6) the greater of interest on the unpaid and untimely paid NTF contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; (7) interest on the unpaid dues deductions and social action fund monies, calculated at the rate of six (6%) per annum; and (8) costs and fees of collection, audit fees, and attorneys' and paralegal fees.

32.     Defendant Corporation has failed to produce its books and records to permit the Funds to conduct and audit to determine the exact amount owed to the Funds in connection with the Defendants' untimely remitted contribution and deductions. Although the Funds are owed contributions and deductions, the exact amount to be paid by Defendants to the Funds is unknown until an audit is conducted.

33.     Defendant Corporation must be ordered to produce its books and records for Plaintiffs' review and audit for the period April 1, 2020 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.

9

4924-7084-3523, v. 9

34.    Pursuant to the audit, if it is discovered that Defendant Corporation has not properly submitted accurate reports to the Plaintiffs, and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees, at the rates set forth in Paragraph 31.

## IV.    SECOND CAUSE OF ACTION

35.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "34" inclusive of this Complaint, as if fully set forth herein.

36.    ERISA Section 404(a)(1)(A) [29 U.S.C. §1104(a)(1)(A)] provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses."

37.    ERISA Section 404(a)(1)(D) [29 U.S.C. §1104(a)(1)(D)] further provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law.

38.    Absent an exemption, ERISA Section 406, [29 U.S.C. §1106], makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit and to deal with plan assets for their personal account.

10

4924-7084-3523, v. 9

39.    Effective September 1, 2016, the Agreements and Declarations of Trust for the IUOE 98 Funds provide that "[t]itle to all monies paid into and/or due and owing to the [Plaintiff Plans are] vested in and remain exclusively in the Trustees of the Plaintiff Plans; outstanding and withheld contributions constitute Plan assets," and that "all monies received by an Employer from any source for work performed by Employees represented by the Union will be held in trust by the Employer.  The Employer will disburse the monies only for the purpose of paying wages owed to the Employees represented by the Union and fringe benefit contributions owed to the Fund on behalf of the Employees' labor."

40.    Upon information and belief, during the period April 1, 2020 to date, Defendant Corporation employed individuals covered by the CBAs who performed work for the benefit of Defendants.

41.    Upon information and belief, as a result of the work performed by employees of Defendants, Defendants received sums of money intended to pay, among other things, the wages and benefits of the persons furnishing and supplying the labor.

42.    Defendant Rumore, upon information and belief, owned Defendant Corporation.

43.    Defendant Rumore, upon information and belief, had managerial discretion and control over Defendant Corporation, and made decisions on behalf of Defendant Corporation.

44.    Defendant Rumore, upon information and belief, determined which creditors Defendant Corporation would pay, determined when the Funds would be paid, determined how much money would be paid to the Funds, exercised control over money due and owing to the Funds, determined which employees of the Defendant Corporation would be reported to

4924-7084-3523, v. 9

the Funds, and determined the number of hours upon which contributions would be reported as owing to the Funds, i.e., exercised control of Funds' assets and, therefore, is a fiduciary.

45. Defendant Rumore is a fiduciary of the monies so received and held by him, and those monies constitute assets of the Funds to be utilized for the benefit of the Funds.

46. By withholding the contributions from the Funds, Defendant Rumore received and retained monies, which are the rightful assets of the Funds, for his own and/or Defendant Corporation's own use and benefit.

47. In failing to remit the contributions/trust assets owed to the Funds, Defendant Rumore acted contrary to his fiduciary obligations, and is liable for breaching his fiduciary duties under ERISA Sections 404, 406, and 409 [29 U.S.C. §§ 1104, 1106, and 1009].

48. To the extent that Defendant Rumore transferred, applied or diverted, or permitted the transfer, application, use, or diversion of, the Funds' trust assets to purposes other than purposes of the Funds without first making payment to Funds, Defendant Rumore acted contrary to his fiduciary obligations and is guilty of breaching his fiduciary duty under ERISA [29 U.S.C. §§ 1104, 1106 and 1109].

49. To the extent that Defendant Rumore used, or permitted the use of, the Funds' assets to pay other creditors of the Defendant Corporation and rather than forwarding the assets to the Funds, he is guilty of breaching his fiduciary duties.

50. To the extent the transfer of the assets to persons other than the Funds occurred, and/or the use of the assets for purposes other than those permitted by the Funds occurred, upon information and belief, with the knowledge and/or at the direction of Defendant Rumore, he has breached his fiduciary duties.

51.    To the extent that Defendant Rumore has withheld contributions from the Funds and/or untimely paid contributions to the Funds, he has not acted solely in the interests of participants and beneficiaries, and has acted contrary to the Funds' documents, and therefore, is individually and personally liable for the violates of ERISA Sections 404 and 406 [29 U.S.C. §§ 1104 and 1106] as described herein.

52.    To the extent that an audit and/or remittance reports show that Defendant Corporation has not paid contributions to the Funds, Defendant Rumore has breached his fiduciary duties and is liable to the Plaintiffs for the following:

(A)    Any monies discovered to be due to the Funds as uncovered by the audit sought at Paragraph 33 of the Complaint herein, plus interest thereon at the consolidated rate of return on Funds' investments, plus costs and expenses of collection, audit fees, and attorneys and paralegal fees; and

(B)    To restore to the Plans any profits that Defendants made through use and retention of the assets of the Funds.

**V.    THIRD CAUSE OF ACTION**

53.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54.    Absent an exemption, ERISA Section 406, [29 U.S.C. §1106], makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit and to deal with plan assets for their personal account.

4924-7084-3523, v. 9

55.     Section 406(a) of ERISA [29 U.S.C. §1106(a)] provides that the following are prohibited transactions:

    (A)     sale or exchange, or leasing, of any property between the plan and a party in interest;

    (B)     lending of money or other extension of credit between the plan and a party in interest;

    ….

    (D)     transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or . . .

56.     At all times relevant, Defendant Rumore was a party in interest with respect to Funds because he was a fiduciary, employer, or owner within the meaning of ERISA Section 3(14)(A), (C), and (E) [29 U.S.C. §1002(14)(A), (C), and (E)]. As such, the monies so received and held by him constitute assets of the Funds to be utilized for the benefit of the Funds and their participants and beneficiaries.

57.     At all times hereinafter mentioned, Defendant Corporation was obligated to timely remit contributions to the Funds as required by the CBAs, Trusts, and Collections Policy.

58.     To the extent that Defendant Rumore has withheld contributions from the Funds and/or untimely paid contributions to the Funds, he has not acted solely in the interests of the participants and beneficiaries and he has acted contrary to the Funds' Trusts and Collections Policy and, therefore, he is individually and personally liable for the violations of ERISA Sections 404 and 406 [29 U.S.C. §§ 1104 and 1106].

59.     Upon information and belief, Defendant Rumore has not properly paid the appropriate monies to the Funds and, therefore, he has damaged the Funds.

4924-7084-3523, v. 9

60.    To the extent that Defendant Corporation has not paid contributions to the Funds, Defendant Rumore has breached his fiduciary duties and he is liable to Funds for the following:

(A)    Any monies discovered to be due to the Funds as uncovered by the audit sought at Paragraph 33 of the Complaint herein, plus interest thereon at the consolidated rate of return on Funds' investments, plus costs and expenses of collection, audit fees, and attorneys and paralegal fees; and

(B)    To restore to the Funds any profits that Defendants made through use and retention of the assets of the Funds.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1.    On Plaintiffs' First Cause of Action, judgment against Defendant Corporation:

(A)    Ordering Defendants to produce their books and records for Plaintiffs' review and audit for the period of April 1, 2020 to date, and to pay the costs and expense of such audit, including auditing fees, attorneys' fees and paralegal fees, and any costs incurred in obtaining the audit; and

(B)    For any and all contributions and deductions that are determined to be due pursuant to the audit, plus the applicable interest and liquidated damages thereon, plus costs and expenses of collection, audit fees, and attorneys' fees and paralegal fees, at the rates set forth in Paragraph 31.

2.    On Plaintiffs' Second and Third Causes of Action, judgment against Defendant Rumore for:

(A)    Any monies discovered to be due to the Funds as uncovered by the audit sought at Paragraph 33 of the Complaint herein, plus interest thereon at the consolidated rate of return on Funds' investments, plus costs and expenses of collection, audit fees, and attorneys and paralegal fees; and

15

(B)     To restore to the Plans any profits that Defendants made through use and retention of the assets of the Funds.

DATED: May 6, 2026                              **BLITMAN & KING LLP**

By:     _____

Bryan T. Arnault Esq.
Bar Roll No. 678493
*Attorneys for Plaintiffs*
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
Email:  btarnault@bklawyers.com

16

4924-7084-3523, v. 9